IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII CENTRAL FEDERAL CREDIT UNION, | ) ) ) | CIVIL 18-00108 LEK-KJM |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LOUIS MAHINA KEALOHA, ET AL., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING DEFENDANT UNITED STATES
OF AMERICA'S MOTION TO STAY CIVIL PROCEEDINGS**

Before the Court is Defendant the United States of America's ("the Government") Motion to Stay Civil Proceedings ("Motion"), filed on June 8, 2018. [Dkt. no. 32.] Plaintiff Hawaii Central Federal Credit Union ("Plaintiff") and Defendant Sumida Au & Wong, LLLC ("SAW") each filed a position statement on September 10, 2018 (respectively, "Plaintiff Position Statement" and "SAW Position Statement"). [Dkt. nos. 37, 39.] Defendant Mariner's Cove Association ("MCA") filed its Statement of No Opposition on September 10, 2018 ("MCA No Opposition"). [Dkt. no. 36.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The Government's Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

Plaintiff originally filed this action in the State of Hawai`i Circuit Court of the First Circuit on February 28, 2018. [Notice of Removal of Civil Action ("Notice of Removal"), filed 3/20/18 (dkt. no. 1), Exh. A at pgs. 4-13 (Complaint).[1]] Plaintiff named as Defendants: Louis Mahina Kealoha ("L. Kealoha") and Katherine Elizabeth Kealoha ("K. Kealoha," collectively the "Kealohas"); the Government; MCA; SAW; Hawaii Kai Marina Community Association ("HKMCA"); and Luna-Kai Marina Park Association ("LKMPA," all collectively "Defendants"). [Complaint at ¶¶ 2-7.]

On March 20, 2018, the Government removed the action to this district court based on federal question jurisdiction. [Notice of Removal at ¶¶ 3-4.] The Complaint alleges the Kealohas obtained a loan from Plaintiff in the amount of $1,040,000.00 on September 6, 2016 to purchase that certain real property on Niumalu Loop, Honolulu, Hawai`i (the "Property"). [Complaint at ¶¶ 8-9.] The loan was evidenced by that certain Note dated September 6, 2016, which was made, executed, and delivered to Plaintiff by the Kealohas (the "Note"). [Id. at ¶ 8.] As security for the Note, the Kealohas executed a Mortgage

---

[1] Exhibit A consists of multiple documents that are not consecutively paginated. All citations to Exhibit A refer to the page numbers assigned by the district court's electronic case filing system.

2

dated September 6, 2016, granting Plaintiff a security interest in their real and personal property, including the subject Property.  [Id. at ¶ 9.]  The Mortgage was recorded with the Bureau of Conveyances of the State of Hawai`i ("BOC") as Document No. A-61010206, as amended in that certain Amendment to Mortgage dated January 16, 2015, and recorded with the BOC as Document No. A-55110470 (the "Mortgage").  [Id.]

Plaintiff alleges the Kealohas have defaulted on the Note and Mortgage; therefore, the total sum of $1,037,837.60 is immediately due.[2]  [Id. at ¶¶ 10, 12, 13.]  Plaintiff asserts it is the holder of the Note and Mortgage and has a first mortgage lien and security interest in the Property.  [Id. at ¶¶ 9-14.] Plaintiff further alleges MCA, LKMPA, and HKMCA may have an interest in the Property or the proceeds of the foreclosure sale by virtue of any unpaid maintenance fees or other assessments. [Id. at ¶¶ 15-17.]  SAW may also have an interest in the Property by virtue of the Mortgage, Security Agreement and Financing Statement dated June 14, 2017, recorded on June 20, 2017 in the BOC as Document No. A-63800431 and recorded on July 10, 2017 in the BOC as Document A-64000646.  [Id. at ¶ 18.]  Finally, the Government may have an interest in the Property by virtue of the

---

[2] This amount is exclusive of interest, late charges, and attorney's fees, which Plaintiff alleges continues to accrue. [Complaint at ¶ 14.]

Notice of Pendency of Action, dated October 24, 2017 and filed in the BOC as Document No. A-65159597. [Id. at ¶ 19.]

Plaintiff seeks an order from the Court determining Plaintiff's priority interest over all Defendants in the Property, and appointing a Commissioner to: (1) conduct a sale of the Property; and (2) apply the proceeds to Plaintiff (after payment of all reasonable and necessary expenses of the sale), or permitting Plaintiff to purchase the Property at sale without a down payment. [Id., Prayer for Relief at ¶ A.] Alternatively, Plaintiff seeks a deficiency judgment if a money judgment is not entered in Plaintiff's favor, or if the sale proceeds do not satisfy the outstanding amounts owed to Plaintiff. [Id.] Upon confirmation of any foreclosure sale, Plaintiff seeks a writ of possession for the Property; [id.;] and any other appropriate relief, [id. at ¶ B].

On May 21, 2018, default was entered as to LKMPA and HKMCA for failure to answer or otherwise respond to the Complaint. [Dkt. no. 25.] On May 22, 2018, the magistrate judge instructed Plaintiff to seek default judgment as to LKMPA and HKMCA by no later than June 21, 2018. [EO, filed 5/22/18 (dkt. no. 26).] On July 20, 2018, this Court approved the stipulation for dismissal without prejudice of Plaintiff's Complaint as to Defendant LKMPA. [Dkt. no. 35.] Plaintiff has not filed a motion for default judgment as to HKMCA.

The Kealohas have been charged with, inter alia, multiple counts of bank fraud in United States of America v. Louis M. Kealoha, et al., CR 18-00068 JMS-RLP ("CR 18-00068"), which may subject the Property to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A). [CR 18-00068, Second Superseding Indictment, filed 5/30/18 (dkt. no. 1), at ¶ 66.] On July 10, 2018, the Government filed a motion to conduct an interlocutory sale of the Property. [CR 18-00068, dkt. no. 13.] The magistrate judge granted the motion and directed Plaintiff to sell the Property with the assistance of the United States Marshals Service ("USMS"). [CR 18-00068, Order Granting the United States' Motion for Interlocutory Sale of Real Property Subject to Criminal Proceedings, filed 9/27/18 (dkt. no. 79) ("Interlocutory Sale Order").] The Interlocutory Sale Order directs the proceeds of the sale to be applied first to any outstanding taxes and expenses of the custody and sale incurred by the USMS, and then to Plaintiff. [Id. at ¶ 17.] The Interlocutory Sale Order also determined that Plaintiff either has a prior vested or superior interest in the Property or is a bona fide purchaser for value of the right, title, or interest in the Property, and at the time of purchase was reasonably without cause to believe that the Property was subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A). Accordingly, the magistrate judge directed Plaintiff to receive payment of the

proceeds of the sale of the Property, once the reasonable costs of the sale and the USMS were satisfactorily paid. [Id. at ¶ 18.]

In the instant Motion, the Government seeks to stay the proceedings pending either the completion of the interlocutory sale of the Property or the conclusion of CR 18-00068, whichever occurs first. [Motion at ¶ 9.] In support of its Motion, the Government argues the continued prosecution of the instant case will impair the rights of the Kealohas and potentially conflict with the prosecution of CR 18-00068. The Government also represents that it has reached an agreement with Plaintiff to perform the interlocutory sale of the Property in CR 18-00068. The Government argues a stay pending the conclusion of the interlocutory sale or resolution of CR 18-00068 would avoid an unnecessary waste of time and resources. [Id. at ¶¶ 7-9.]

## DISCUSSION

In the absence of substantial prejudice to the rights of the parties involved, the Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. See Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). Still, a court has the discretion to stay civil proceedings pending the conclusion of parallel criminal proceedings when the interests of justice so require. See id. In determining whether a stay is

appropriate, the court should weigh the "particular circumstances and competing interests involved in the case." Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). This analysis generally includes:

> (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the interest of the plaintiffs in proceeding expeditiously, (3) the burden the proceedings may impose on the defendants, (4) the convenience of the court and the efficient use of judicial resources, (5) the interests of persons not parties to the civil litigation, and (6) the interest of the public in the pending civil and criminal litigation.

Sec. & Exch. Comm'n v. Glob. Express Capital Real Estate Inv. Fund, I, LLC, 289 F. App'x 183, 191 (9th Cir. 2008) (citing Keating, 45 F.3d at 324-25).

The Government argues the Kealohas risk forfeiting their Fifth Amendment right against compulsory self-incrimination if they are called to testify or are forced to respond to discovery requests in the instant case. None of the parties identify the extent to which the civil matter and the criminal matter overlap to suggest the Kealohas' Fifth Amendment rights will be implicated, other than the Property being potentially subject to criminal forfeiture in CR 18-00068. See, e.g., Ka`aina v. Kaua`i Island Util. Co-op., Civ. No. 10-00169 ACK-LEK, 2010 WL 3834999, at *6 (D. Hawai`i Sept. 24, 2010) ("[W]here both actions arise from the same nucleus of fact, the Fifth Amendment is likely implicated and this factor will favor a stay." (citing

7

McCormick v. Rexroth, Civ. No. 09-4188 JF, 2010 WL 934242, *2 (N.D. Cal. Mar. 15, 2010))). Without more, this Court concludes this factor does not favor a stay.

However, in considering the other relevant factors, the Court finds that a stay would serve the interests of justice and will not prejudice or frustrate the efforts of the parties. No party has objected to the Government's Motion;[3] therefore, the Court concludes that neither Plaintiff nor Defendants will suffer if the proceedings are temporarily delayed. Further, the Interlocutory Sale Order has sufficiently narrowed the issues before the Court in this matter, which is a more efficient use of judicial resources. Finally, the Court finds the fifth and sixth factors to be neutral where there is no evidence that delay would frustrate third parties, see Molinaro, 889 F.2d at 903, and any public interest in the swift conclusion of a civil trial is balanced by the countervailing public interest in law enforcement and the proper prosecution of the accused. See, e.g, Williams v. United States, Civ. No. 08-00437 ACK-BMK, 2012 WL 406904, at *8 (D. Hawai`i Feb. 8, 2012) ("On the other hand, the public also has a strong interest in law enforcement and the proper prosecution of [the defendant in the criminal matter]." (some

---

[3] The Kealohas did not file any response to the Motion.

citations omitted) (citing <u>Richardson v. United States</u>, 468 U.S. 317, 325, 104 S. Ct. 3081, 82 L. Ed. 2d 242 (1984))).

Having weighed all of the relevant factors and in light of the Motion being unopposed, this Court finds that a stay of the instant case is appropriate until the conclusion of the interlocutory sale of the Property, or the conclusion of CR 18-00068, whichever occurs first.

## **CONCLUSION**

On the basis of the foregoing, the United States of America's Motion to Stay Civil Proceedings, filed on June 8, 2018, is HEREBY GRANTED and the matter is STAYED until the earlier of: 1) the conclusion of the interlocutory sale pursuant to the Order Granting the United States' Motion for Interlocutory Sale of Real Property Subject to Criminal Forfeiture, filed September 27, 2018 in CR 18-00068; or 2) the conclusion of CR 18-00068.

The Government is ORDERED to submit a letter informing the Court of the conclusion of either of the foregoing events within **ten days** of its occurrence.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 29, 2018.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge




**HAWAII CENTRAL FEDERAL CREDIT UNION VS. LOUIS MAHINA KEALOHA, ET AL; CV 18-00108 LEK-KJM; ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STAY CIVIL PROCEEDINGS**