## WATANABE ING LLP

A Limited Liability Law Partnership
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawaii 96813
Telephone: (808) 544-8300
Facsimile: (808) 544-8399

## FACSIMILE TRANSMITTAL COVER SHEET

April 16, 2019

**TO:**   The Honorable Leslie E. Kobayashi      Fax No.: (808) 541-1386

**FROM:** Thomas H. Yee, Esq./Denisa             Fax No.: (808) 544-8399

**RE:**   *Hawaii Central Federal Credit Union vs. Louis Mahina Kealoha, et al*, Civil No. CV18-00108 LEK/KJM; United States District Court for the District of Hawaii

*Hawaii Federal Credit Union v. Celedonio Baybayan, Jr., et al.* DC- Civil No. 18-1-0342; District Court of the Second Circuit (Wailuku Division)

**TOTAL NUMBER OF PAGES:** __4__ (including this page)

**TRANSMITTING THE FOLLOWING:**

Letter dated today to The Honorable Leslie E. Kobayashi from Jonathan Lai, Esq.

**If message not received properly, please contact me as soon as possible.**

The information contained is privileged and confidential. The use of this information is intended for the sole use of the individual and/or entity named as the recipient of this transmittal. Copying, dissemination, or distribution of this facsimile message or its attachments is strictly prohibited without the prior approval for the named recipient hereunder. If the reader has received this communication in error, please contact the sender by calling collect at (808) 544-8300 and returning the facsimile message or its attachments to the above address. Your cooperation is appreciated.



A LIMITED LIABILITY LAW PARTNERSHIP

Sender's No. and E-mail:
(808) 544-8300
jlai@wlk.com

April 16, 2019

**VIA FACSIMILE (808)541-1386**
The Honorable Leslie E. Kobayashi
United States District Court
300 Ala Moana Blvd., Room C-338
Honolulu, Hawaii 96850

    Re:    *Hawaii Central Federal Credit Union v. Louis Mahina Kealoha, et al.*, Civil No. 18-00108 LEK-KJM

Your Honor:

Pursuant to this Court's April 2, 2019 COURT ORDER DIRECTING THE PARTIES TO SUBMIT LETTER BRIEFS REGARDING THE STATUS OF CASE, entered herein as Dkt. #43 (the "Briefing Order"), Plaintiff HAWAII CENTRAL FEDERAL CREDIT UNION ("HCFCU") hereby submits its letter brief, providing this Court with an update on the status of the interlocutory sale proceedings in the criminal matter *United States of America v. Louis M. Kealoha, et al.*, CR 18-00068 JMS-RLP ("CR 18-00068").

**I.    PROCEDURAL UPDATE**

On or about September 27, 2018, the ORDER GRANTING THE UNITED STATES' MOTION FOR INTERLOCTORY SALE OF REAL PROPERTY SUBJECT TO CRIMINAL FORFEITURE was entered in CR 18-00068 as Dkt. #79 (the "Interlocutory Sale Order"). Thereafter, this Court issued its ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STAY CIVIL PROCEEDINGS on October 29, 2018 (entered herein as Dkt.#41, the "Stay Order").

Pursuant to the terms of the Interlocutory Sale Order, HCFCU obtained three independent appraisals of the Subject Property and realtor Heidi Ho was retained to list and market the Subject Property.

Thereafter, Ms. Ho received an offer to purchase the Subject Property for $1,305,000.00 in cash. HCFCU accepted said offer and thereafter filed its MOTION FOR CONFIRMATION OF INTERLOCUTORY SALE OF REAL PROPERTY, filed on February 15, 2019 as Dkt. #139 in CR 18-00068 (the "Motion to Confirm").

The Honorable Leslie E. Kobayashi
April 16, 2019
Page 2

In keeping with the requirements of the Interlocutory Sale Order, the terms of the proposed sale were published. No opposition was filed to the Motion to Confirm, which was heard on March 13, 2019. There being no opposition to the Motion to Confirm and no other offers made, the sale was confirmed. A preliminary ORDER GRANTING INTERESTED PARTY HAWAII CENTRAL FEDERAL CREDIT UNION'S MOTION FOR CONFIRMATION OF INTERLOCUTORY SALE OF REAL PROPERTY, ECF. NO 139 was entered on March 18, 2019 as Dkt. #153 in CR 18-00068 (the "Preliminary Confirmation Order"). The Preliminary Confirmation Order approved the sale for $1,305,000.00 and directed payment for certain costs and expenses incurred in the maintenance, marketing and sale of the Subject Property and then to amounts owed to HCFCU pursuant to its Note and Mortgage.

At the time the Preliminary Confirmation Order was entered, certain sales costs and other expenses associated with the maintenance and marketing of the Subject Property were unknown. Once the amounts of said costs were known, our office submitted said amounts via declaration and the Court approved said costs, a FINAL ORDER GRANTING INTERESTED PARTY HAWAII CENTRAL FEDERAL CREDIT UNION'S MOTION FOR CONFIRMATION OF INTERLOCUTORY SALE OF REAL PROPERTY, ECF NO. 139 was entered (the "Final Order", entered on March 29, 2019 as Dkt. #156 in CR 18-00068).

Thereafter, proceeds from the Interlocutory Sale were distributed per the terms of the Final Order, including $1,099,096.60 owed to HCFCU pursuant to the Note and Mortgage (the "Payoff"). The balance of the Interlocutory Sale Proceeds were to be deposited with the Clerk of the Court to be held pending the resolution of CR 18-00068.

The Payoff was comprised of the principal balance, interest calculated up to the March 29, 2019 closing date, escrow/impound overdraft and unpaid late charges. ***The Payoff did not, however, include reimbursement for legal fees and costs HCFCU incurred over the course of these proceedings.***

II.   MATTERS REMAINING

In arguing for the Interlocutory Sale over a judicial foreclosure as was originally contemplated in the present proceeding, the United States (the "US") has maintained that HCFCU would not be reimbursed for its legal fees and costs directly out of the proceeds of the Interlocutory Sale but could obtain its attorneys' fees and costs via an ancillary proceeding. An ancillary proceeding would follow conviction of Defendants LOUIS M. KEALOHA and KATHERINE P. KEALOHA (the "Kealoha Defendants"), whereby HCFCU would seek payment of its attorneys' fees and costs out of the remaining proceeds of the Interlocutory Sale. The Interlocutory Sale Order therefore provided that:

> The validity and priority of any other claims pursuant to Title 21, United States Code, Section 853(n) will be determined at an ancillary proceeding, contingent upon and following an judgment in the criminal case and the Court's entry of a final order of forfeiture to the United States. If the Kealohas are found not guilty of Counts 1 through

The Honorable Leslie E. Kobayashi
April 16, 2019
Page 3

8 of the Second Superseding Indictment, the Court will retain jurisdiction of the substitute res pending further proceedings.

Interlocutory Sale Order at ¶ 21. It is anticipated that an ancillary proceeding will also involve resolution of the claim and lien(s) by Defendant SUMIDA AU & WONG, LLLC ("Sumida") that Sumida claims substantially exceeds $300,000.00. Without conceding anything regarding the priority of its remaining claim for fees and costs, HCFCU recognizes the possibility that it may not recover all amounts due and owing under the Note through an ancillary proceeding. Recognizing the possible need to resolve remaining claims under the Note, the Interlocutory Sale Order provided that:

> If the proceeds of the interlocutory sale of the Real Property are insufficient to pay the amounts due on the Note and the Mortgage, HCFCU may seek a deficiency judgment against the obligor under the Note and the Mortgage, and any guarantor thereon. However, if there is no deficiency, HCFCU will not seek a deficiency judgment against the obligor or any guarantor.

Interlocutory Sale Order at ¶ 19.

Lastly, the Court indicated that additional costs and expenses related to the upkeep and maintenance of the Real Property that were not presented for approval could be requested at the ancillary proceeding. For instance, after March 27, 2019, HCFCU received several additional invoices for such costs.

Under the circumstances, HCFCU respectfully requests that this Court retain jurisdiction over this matter at least until it is determined whether HCFCU will be able to recover all of its attorneys' fees and costs through an ancillary proceeding, or if it will be necessary to pursue a deficiency judgment against the Kealoha Defendants pursuant to the terms of the Note.

Respectfully submitted,

WATANABE ING LLP

_____
JONATHAN W.Y. LAI
Attorney for Plaintiff
HAWAII CENTRAL FEDERAL CREDIT UNION