WILLIAM P. BARR
United States Attorney
ROBERT S. BREWER, JR.
United States Attorney
Southern District of California
MICHAEL G. WHEAT, CBN 118598
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-8437/8817/9144
Email: michael.wheat@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CENTRAL FEDERAL CREDIT UNION,<br><br>                    Plaintiff,<br><br>     v.<br><br>LOUIS MAHINA KEALOHA, et al.,<br><br>                    Defendants. | Case  No. CV 18-000108 LEK-KJM<br><br>UNITED STATES' MOTION TO DISMISS |

Comes now the Defendant UNITED STATES OF AMERICA, by and through

its counsel, William P. Barr, United States Attorney General, Robert S. Brewer, Jr.,

United States Attorney, Michael G. Wheat, Janaki S. Gandhi, and Colin M.

McDonald, Special Attorneys to the Attorney General, and hereby files a motion to

dismiss these proceedings pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6), and 21 U.S.C. § 853(k).

I

## PROCEDURAL BACKGROUND

Defendants Katherine Kealoha and Louis Kealoha (collectively "the Kealohas") are indicted on multiple criminal charges, including bank fraud. *See* CR 17-00582-JMS-RLP at ECF No. 18 (original indictment); CR 18-00068 JMS-RLP at ECF No. 1 (second superseding indictment severed from CR 17-00582-JMS-RLP). For purposes of these proceedings, the operative indictment is the second superseding indictment in CR 18-00068 JMS-RLP.  The indictment alleges that because of their commission of bank fraud offenses, the Kealohas should forfeit certain personal and real property, including the parcel of real property that is the subject of these foreclosure proceedings ("real property" or "forfeitable property"):

> All of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 84 of the "LUNA-KAI MARINA, UNIT 9-A," as shown on File Plan.No. 1116, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,508 square feet, more or less.

On October 24, 2017, the United States filed a Notice of Pendency of Action ("*lis pendens*") on the real property.  *See* CR 17-00582-JMS-RLP at ECF No. 64; CR 18-00068-JMS-RLP at ECF No. 31.  The *lis pendens* was recorded by the State of Hawaii Bureau of Conveyances on November 2, 2017.

2

On February 28, 2018, Plaintiff Hawaii Central Federal Credit Union ("HCFCU") initiated foreclosure proceedings against the real property in the First Circuit Court for the State of Hawaii. *See Hawaii Central Federal Credit Union v. Louis Mahina Kealoha, et al.*, Civil No. 18-1-0313-02-JHC.  On March 20, 2018, the United States removed the foreclosure proceedings to federal court.  *See* ECF No. 1.  On June 8, 2018, the United States moved for a stay of these proceedings pending the completion of the criminal case or an interlocutory sale, whichever came first.  *See* ECF No. 32.  On September 26, 2018, the Court granted the United States' motion to stay.  *See* ECF Nos. 40, 41.

On July 10, 2018, the United States and HCFCU jointly moved for an interlocutory sale of the real property in the criminal case.  *See* CR 18-00068-JMS-RLP at ECF No. 13.  As part of that motion, the United States and HCFCU entered into a Stipulated Settlement Agreement, which directed the procedure for a private sale of the real property and the immediate disbursement of sale proceeds to make HCFCU whole under the note and mortgage.  *See id.* at Ex. B.  Defendant Sumida Au and Wong LLLC was an interested party in the interlocutory sale proceedings.

On September 27, 2018, Magistrate Judge Richard L. Puglisi granted the United States' motion for interlocutory sale.  Thereafter, HCFCU led the private sale of the real property.

On March 18, 2019, Chief District Judge J. Michael Seabright ("criminal

court") confirmed the sale of the real property upon motion by HCFCU and after conducting a hearing. *See* CR 18-00068-JMS-RLP at ECF No. 13. The criminal court issued the final order on the confirmation of the interlocutory sale on March 29, 2019. *Id.* at ECF No. 156. In its final order, the criminal court confirmed the sale of the real property to a purchaser offering $1,305,000.00 in cash, and without financing contingencies, for the real property. *Id.* at 2, ¶ 3. The final order also authorized the immediate disbursement of sale proceeds to re-pay the United States Marshals Service and HCFCU for any costs incurred as a result of the sale, including costs of maintenance, repair, marketing, insurance, appraisals, escrow fees, county transfer taxes, and title fees, among other costs. *See id.* at 4-6, ¶ 2.

Significantly, the final order also authorized the immediate disbursement of funds from the sale proceeds to make HCFCU whole under the note and mortgage. The final order authorized the payment of $1,099,096.60 to HCFCU, which consisted of the total balance owed under the note and mortgage as of March 29, 2019. *Id.* The final order directed that all remaining net proceeds from the sale of the real property would be held as substitute *res* in an interest-bearing account by the Clerk of the Court pending the final outcome in CR 18-00068-JMS-RLP. *See id.* at 6, ¶ 4. All rights, titles, claims, liens, and interests in the substitute *res* would then be determined at an ancillary proceeding before the criminal court pursuant to 21 U.S.C. § 853(n), if the Kealohas are convicted. *See id.* at 6-7, ¶ 5. In addition,

4

and separately, the final order directed that HCFCU retained its right under the note and mortgage to seek a separate deficiency judgment against the Kealohas if the sale proceeds are insufficient to pay all amounts due on the note and mortgage. *See id.* at 6, ¶ 3. On April 16, 2019, HCFCU notified the United States that the escrow company, Title Guaranty, will be submitting the net proceeds of the sale ($66,675.54) to the Clerk of the Court.[1]

On April 16, 2019, pursuant to the Court's order, *see* ECF No. 43, the parties submitted letters to the Court regarding the status of these proceedings in light of the interlocutory sale. Plaintiff HCFCU stated in its letter that the interlocutory sale was confirmed, HCFCU was made whole on the note and mortgage, and that HCFCU would seek recovery of any additional costs and fees at the ancillary proceeding in the criminal case. ECF No. 45 at 3-4. HCFCU recommended this Court retain jurisdiction of this matter "at least until it is determined whether HCFCU will be able to recover all of its attorneys' fees and costs through the ancillary proceeding, or if it will be necessary to pursue a deficiency judgment against the Kealoha Defendants pursuant to the terms of the Note." *Id.* at 4. Defendant Mariner's Cove Association stated in its letter that "there are no delinquent association assessments on the part of Defendants KEALOHA as to the [real property.]" ECF No. 44 at 2. Defendant Mariner's Cove Association had no further information about the

---

[1] The transfer of net proceeds is still pending.

interlocutory sale. *Id.* at 3. Defendant Sumida Au & Wong, LLLC, stated in its letter that because the interlocutory sale was completed and the substitute res is within the jurisdiction of the criminal court, this Court "has been deprived of the subject of the litigation." ECF No. 46 at 1-2. The Kealohas did not submit a letter.

Following the above letters, the Court issued a minute order lifting the stay "for the limited purpose of permitting the government to file a motion" or "ordering the administrative closure of the case" if the government does not file a motion. ECF No. 48.

Thereafter, on April 22, 2019, HCFCU submitted a second letter to the Court recommending the Court retain jurisdiction over this matter solely with regard to the Kealohas or remand this matter to state court. ECF No. 49 at 3. HCFCU agrees, however, that the items it seeks to recover from the sale of the real property fall within the jurisdiction of the criminal court and will be addressed at an ancillary proceeding pursuant to 21 U.S.C. ¶ 853(n). *Id.* at 2.

A status hearing is currently set in this case for May 10, 2019, at 11:15 a.m.

II

RELEVANT CASE LAW

Federal Rule of Civil Procedure 12(b) delineates defenses that can be asserted by a party to a federal civil suit. Two of these defenses are lack of subject matter jurisdiction, Rule 12(b)(1), and failure to state a claim upon which relief can be

granted, Rule 12(b)(6).  *See Iron Arrow Honor Society, etc., et al. v. Heckler*, 464 U.S. 67, 71 ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies" and "[t]o satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision."); *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (finding that absent a true case or controversy, a complaint for declaratory relief is subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)); *Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted").

Further, 21 U.S.C. § 853(k) bars the instant suit against the United States. Congress has established the exclusive procedure for adjudicating third party interests in forfeitable property.  *See* 21 U.S.C. § 853(n).  A petitioner must follow the specified procedure and may not commence a separate action against the United States concerning the validity of any alleged interest in the forfeited property.  21 U.S.C. § 853(k).[2]  Suits affecting an interest in property alleged to be forfeitable to

---

[2]      Section 853(k) provides that, subject to Section 853(n), no party claiming an interest in property subject to forfeiture may: (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property; or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information

the United States are actions "against the United States" whether or not the United States is specifically named as a party. *See United States v. Phillips*, 185 F.3d 183, 185-88 (4th Cir. 1999) (foreclosure sale barred by § 853(k) and therefore invalid; such actions constitute premature suits against the United States); *United States v. Security Marine Credit Corp.*, 767 F. Supp. 260, 262-64 (S.D. Fla. 1991) (foreclosure action commenced after grand jury had returned criminal forfeiture indictment was barred by § 853(k) despite fact that United States was not named as a defendant); *United States v. MacInnes*, 223 F. App'x. 549, 554 (9th Cir. 2007) (unpublished) (foreclosure sale is an "action … against the United States" and is therefore barred by § 853(k)); *Bank One N.A. v. Everly*, 2002 WL 31056716 at *1 (unpublished) (N.D. Ill. 2002) (granting motion to dismiss foreclosure action under § 853(k) after government had removed case to federal court).[3]

---

alleging that the property is subject to forfeiture under this section.

[3]     A third party with an interest in forfeitable property generally may not intervene in a criminal case until after the defendant has been convicted and a preliminary forfeiture order has been entered. *See United States v. Gilbert*, 244 F.3d 888, 909-10 (11th Cir 2001) (under then applicable rules, third party had to wait until entry of final order of forfeiture to avail itself of "exclusive" means for asserting rights to forfeited property); *United States v. Messino*, 122 F.3d 427, 428 (7th Cir 1997) (third party petitioner must await entry of preliminary order of forfeiture); *United States v. McCorkle*, 143 F.Supp.2d 1311, 1318-19 (M.D. Fla. 2001) (third party petitioner must follow statutory procedure, and may not commence separate action against United States); *cf. United States v. Real Property in Waterboro*, 64 F.3d 752, 755-56 (1st Cir. 1995) (third parties may participate to limited extent in pre-trial restraining order proceedings). The procedure with regard to the forfeitable property in this case took a different route – Plaintiff HCFCU was permitted (by

The Ninth Circuit has stated that Section 853(k) "specifically bar[s] third parties from intervening in the trial or the appeal of a criminal case to assert their interests, or from bringing independent suits against the United States once an indictment alleging that the property is subject to forfeiture has been filed." *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005). Instead, "third parties must await the defendant's conviction before filing proceedings to protect their interest in the property and must await the court's order of forfeiture before requesting an ancillary hearing." *Id.* (citing *United States v. Crozier*, 777 F.2d 1376, 1382-83 (9th Cir. 1985)). This ancillary proceeding, which is the exclusive proceeding in which third parties may claim interests in property subject to criminal forfeiture, is discussed in 21 U.S.C. § 853(n). *See Libretti v. United States*, 516 U.S. 29, 44 (1995) ("Once the government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to a return of the assets *only* by means of a hearing afforded under 21 U.S.C. § 853(n))." (emphasis added)).

Under Section 853(n), "following the entry of an order of forfeiture," third parties are provided notice of the forfeiture order. 21 U.S.C. § 853(n). This notice triggers their right to contest the forfeiture order by asserting an ownership interest.

---

agreement with the United States) to intervene in the forfeitable property during the pendency of the criminal case. Through that intervention, HCFCU immediately was made whole on the note and mortgage, as discussed above, without having to wait for the ancillary proceeding at the conclusion of the criminal case.

*Id.*; Fed.R.Crim.P. 32.2(e)(2). Following notice, third parties have thirty days to petition the court for a hearing to adjudicate the validity of their alleged interest in the property. *See* 21 U.S.C. § 853(n)(2). The third party petitioner would then have the burden to prove that he had a pre-existing priority ownership interest in the property under 21 U.S.C. § 853(n)(6)(A) before it became subject to forfeiture, *or* that he later acquired the property as a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(b). *See* 21 U.S.C. §§ 853(n)(6)(A) and (B); *Nava*, 404 F.3d at 1125 (9th Cir. 2005) ("petitioner bears the burden of proving his right, title, or interest under § 853(n)(6)").

## III

## ARGUMENT

Plaintiff HCFCU's complaint must be dismissed. First, because the interlocutory sale is complete, the complaint should be dismissed based on Fed.R.Civ.Pro. 12(b)(1) and (b)(6). As discussed above, the United States has collaborated with Plaintiff HCFCU in the criminal case to ensure that HCFCU was made whole. The interlocutory sale is now complete and HCFCU immediately *was* made whole on the note and mortgage through the proceeds of the sale. HCFCU was also repaid for all costs and fees incurred as a result of the sale as agreed upon by the United States in the Stipulated Settlement Agreement and approved by the criminal court in the final order. Therefore, the foreclosure issue that is the subject

of this case is moot –HCFCU has been made whole and there is no case or controversy for this Court to adjudicate.  In addition, there is no relief this Court can grant. Because HCFCU has been paid through the interlocutory sale, and any further claims HCFCU has against the real property must be made before the criminal court, as discussed below, HCFCU cannot be granted any relief by this Court. Thus, this case should be dismissed based on Rules 12(b)(1) and (b)(6).

Second, this suit is barred by 21 U.S.C. § 853(k).  Although the United States could have moved to dismiss this foreclosure action pursuant to 21 U.S.C. § 853(k) immediately after it was removed from state court to federal court, *see Everly*, 2002 WL 31056716 at *1 (granting motion to dismiss foreclosure action under § 853(k) after government had removed case to federal court), it opted to stay these proceedings with the agreement that Plaintiff HCFCU would work with the United States to conduct an interlocutory sale. At this juncture, however, dismissal is appropriate.  The interlocutory sale is complete and the substitute res is within the jurisdiction of the criminal court.  Any claims HCFCU has regarding costs and fees under the note, mortgage, or interlocutory sale against the substitute res must be made in an ancillary proceeding before the criminal court pursuant to 21 U.S.C. § 853(n). Plaintiff HCFCU is barred from making any of these claims for relief regarding the substitute res before this Court.  *See Nava*, 404 F.3d at 1125 ("third parties must await the defendant's conviction before filing proceedings to protect

their interest in the property and must await the court's order of forfeiture before requesting an ancillary hearing.").

In its April 22, 2019 letter, Plaintiff HCFCU asked the Court to retain jurisdiction over this matter solely with regard to the Kealohas. Plaintiff HCFCU reasoned that it wanted to pursue an *in personam* action against the Kealohas, not an *in rem* action against the real property. *See* ECF No. 49 at 3.

First, the instant case concerns the foreclosure of the real property. Should HCFCU desire to seek a personal suit, or a deficiency judgment, against the Kealohas, it may do so by separate proceeding, likely in state court. However, it may not, whether in federal court or state court, pursue an action against the substitute res before the conclusion of the criminal case (including any ancillary proceeding) because doing so violates 21 U.S.C. § 853(k).

Second, whether or not the United States continues to be a party to this matter, this case remains an action against the United States because it is a foreclosure action that concerns the forfeitable property. *See MacInnes*, 223 F. App'x. at 554 (foreclosure sale is an "action against the United States and is therefore barred by § 853(k)); *Security Marine Credit Corp.*, 767 F. Supp. at 262-64 (foreclosure action commenced after grand jury had returned criminal forfeiture indictment was barred by § 853(k) despite the fact United States was not named as a defendant). Thus, this case must be dismissed.

IV

CONCLUSION

In light of the foregoing, this action should be dismissed without prejudice to Plaintiff HCFCU pressing its claimed interest at the proper time in the criminal ancillary forfeiture proceeding, and, in its discretion, filing separate suit against the Kealohas for a deficiency judgment or other action after completion of the criminal forfeiture proceedings.

Dated: May 9, 2019.                    Respectfully submitted,

                                       WILLIAM P. BARR
                                       United States Attorney General

                                       ROBERT S. BREWER, JR.
                                       United States Attorney

                                       _/s/ Janaki S. Gandhi_____
                                       MICHAEL G. WHEAT
                                       JANAKI S. GANDHI
                                       COLIN M. MCDONALD
                                       Attorneys for Defendant
                                       United States of America

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following parties:

<u>Served Electronically through CM/ECF</u>:

Jonathan W.Y. Lai
Watanabe Ing LLP
First Hawaiian Center
999 Bishop Street, Suite 1250
Honolulu, Hawaii 96813
jlai@wik.com
Attorney for Plaintiff

Russell H. Ando
Ekimoto & Morris, LLLC
888 Mililani Street, 2nd Floor
Honolulu, Hawaii 96813
rando@hawaiicondolaw.com
Attorney for Defendant Mariner's Cove Association

Kevin P.H. Sumida
Sumida Au & Wong LLLC
735 Bishop Street, Suite 411
Honolulu, Hawaii 96813
ksumida@hawaiilaw411.com
Attorney for Defendant Sumida Au & Wong LLLC

<u>Served by Federal Express at Last Known Address</u>:

Louis Mahina Kealoha
4348 Waialae Avenue, #829
Honolulu, Hawaii 96816
Defendant

Katherine Elizabeth Kealoha
4348 Waialae Avenue, #829
Honolulu, Hawaii 96816
Defendant

DATED:  May 9, 2019, at San Diego, California.

/s/ *Janaki S. Gandhi*
Attorney for Defendant
United States of America

14