UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CENTRAL FEDERAL CREDIT UNION,<br><br>               Plaintiff,<br><br>    vs.<br><br>LOUIS MAHINA KEALOHA, KATHERINE ELIZABETH KEALOHA, MARINER'S COVE ASSOCIATION, A HAWAII NONPROFIT CORPORATION; LUNA-KAI MARINA PARK ASSOCIATION, A HAWAII NONPROFIT CORPORATION; HAWAII KAI MARINA COMMUNITY ASSOCIATION, A HAWAII NONPROFIT CORPORATION; SUMIDA AU & WONG LLC, A HAWAII LIMITED LIABILITY COMPANY; UNITED STATES OF AMERICA, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, DOE GOVERNMENTAL UNITS 1-10,<br><br>               Defendants. | **CIV. NO. 18-00108 LEK-KJM** |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT THE UNITED STATES OF AMERICA'S MOTION
TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR REMAND**

       Before the Court is: Defendant the United States of

America's ("the Government") Motion to Dismiss, filed on May 9,

2019, and Plaintiff Hawaii Central Federal Credit Union's

("Plaintiff") Motion for Remand, filed on May 24, 2019. [Dkt.

nos. 55, 60.] On May 22, 2019, Defendant Mariner's Cove

Association ("MCA") filed its statement of no position to the

Motion to Dismiss, and on May 24, 2019, Plaintiff filed its memorandum in opposition to the Motion to Dismiss ("Plaintiff Dismiss Opposition"). [Dkt. nos. 58, 59.] On June 6, 2019, the Government filed its reply ("Government Reply"), and also filed its memorandum in opposition to the Motion for Remand ("Government Remand Opposition"). [Dkt. nos. 62, 63.] On June 12, 2019, MCA filed a statement of no position to the Motion for Remand, and Defendant Sumida Au & Wong, LLLC ("SAW") filed its memorandum in opposition to the Motion to Remand ("SAW Remand Opposition"). [Dkt. nos. 68, 69.] On June 25, 2019, Plaintiff filed its reply in support of the Motion for Remand. [Dkt. no. 70.]

The Court finds the Motion to Dismiss and the Motion for Remand ("the Motions") suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The Government's Motion to Dismiss is granted in part and denied in part, and Plaintiff's Motion for Remand is granted for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this matter is set forth in the Court's Order Granting Defendant United States of America's Motion to Stay Civil Proceeding, filed on

October 29, 2018 ("Stay Order"), and only relevant facts will be repeated here.  [Dkt. no. 41.[1]]

On February 28, 2018, Plaintiff filed the instant case against Defendants Louis Mahina Kealoha and Katherine Elizabeth Kealoha ("the Kealohas"); the Government; MCA; SAW; Hawaii Kai Marina Community Association ("HKMCA"); and Luna-Kai Marina Park Association ("LKMPA," all collectively "Defendants").[2]  [Notice of Removal of Civil Action ("Notice of Removal"), filed 3/20/18 (dkt. no. 1), Exh. A at pgs. 4-13 (Complaint) at ¶¶ 2-7.[3]]  In the Complaint, Plaintiff alleges the Kealohas obtained a loan from Plaintiff to purchase the real property on Niumali Loop, Honolulu, Hawai`i ("the Property"), as evidenced by the Note dated September 6, 2016 ("Note").  [Complaint at ¶¶ 8-9.]  As security for the Note, the Kealohas executed a Mortgage dated September 6, 2016, granting Plaintiff a security interest in their real and personal property, including the subject

---

[1] The Stay Order is also available at 2018 WL 5499530.

[2] On May 21, 2018, this Court issued an entry of default against LKMPA and HKMCA for their failure to answer or otherwise respond to the Complaint.  [Dkt. no. 25.]  On July 20, 2018, Plaintiff filed a stipulation for dismissal without prejudice as to LKMPA.  [Dkt. no. 35.]  The Kealohas did not file any responsive document to the Motions.

[3] Exhibit A to the Notice of Removal consists of multiple documents that are not consecutively paginated.  All citations to Exhibit A refer to the page numbers assigned by the district court's electronic case filing system.

Property.[4]  [Id. at ¶ 9.]  Plaintiff alleges the Kealohas have

defaulted on the Note and Mortgage, therefore Plaintiff is

entitled to foreclose upon the Property, and is entitled to

reimbursement of its costs and reasonable attorneys' fees

incurred in connection with this matter.  [Id. at ¶¶ 10, 14.]

In the alternative, Plaintiff seeks a deficiency judgment if a

money judgment is not entered in Plaintiff's favor, or if the

sale proceeds from the Property do not satisfy the outstanding

amounts owed to Plaintiff.  [Id., Prayer for Relief at ¶ A.]

On October 29, 2018, this Court issued the Stay Order

to temporarily stay the case until either the completion of the

interlocutory sale of the Property in the criminal matter known

as United States of America v. Louis M. Kealoha, et al., CR 18-

00068 JMS-WRP ("CR 18-00068"), or the conclusion of CR 18-00068.

Stay Order, 2018 WL 5499530, at *3.

On September 27, 2018, the magistrate judge issued the

Order Granting the United States' Motion for Interlocutory Sale

of Real Property Subject to Criminal Proceedings ("Interlocutory

Order"), directing, inter alia, the Government and Plaintiff to

work together to sell the Property and apply the proceeds first

---

[4] The Mortgage was recorded with the Bureau of Conveyances
of the State of Hawai`i ("BOC") as Document No. A-61010206, as
amended in that certain Amendment to Mortgage dated January 16,
2015, and recorded with the BOC as Document No. A-55110470 (the
"Mortgage"). [Complaint at ¶ 9.]

to any outstanding taxes, as well as expenses incurred by the
United States Marshals Service ("USMS") related to the sale of
the Property, then to Plaintiff. [CR 18-00068, dkt. no. 79.]
The Property was sold pursuant to the Interlocutory Order, and
on March 18, 2019, the district court confirmed the sale of the
Property. [Id., Order Granting Interested Party Hawaii Central
Federal Credit Union's Motion for Confirmation of Interlocutory
Sale of Real Property, ECF No. 139 ("Preliminary Order") (dkt.
no. 153).] On March 29, 2019, the district court issued its
Final Order Granting Interested Party Hawaii Central Federal
Credit Union's Motion for Confirmation of Interlocutory Sale of
Real Property, ECF No. 139 ("Final Order"). [Id., dkt.
no. 156.] The Final Order approved the sale of the Property for
$1,305,000.00, and ordered these funds to be disbursed in
accordance with the terms outlined in the Final Order. [Id.,
Final Order at 4-6, ¶¶ 1-2.] After calculating the "outstanding
real property taxes and the expenses of custody and sale
incurred by the USMS," this district court ordered the sum of
$1,099,096.60 to be paid to Plaintiff in satisfaction of the
balance owed under the Note and Mortgage, calculated as of
March 29, 2019. [Id. at 4, 6, ¶ 2.m.[5]] If the sale proceeds

---

[5] The $1,099,096.60 included interest at 3.75% up to
March 29, 2019, the escrow/impound overdraft, and unpaid late
charges. [CR 18-00068, Final Order at 6, ¶ 2.m.]

were "insufficient to pay all amounts due on the Note and Mortgage including attorneys' fees and costs," this district court permitted Plaintiff to seek a deficiency judgment against the Kealohas, jointly and severally. [Id. at 6, ¶ 3.] The district court ordered the remaining net proceeds from the sale of the Property to be substituted for the Property ("Substitute Res"), and to be paid to the Clerk of Court for the United States District Court for the District of Hawai`i, to be deposited in an interest-bearing account pending a final judgment in CR 18-00068. [Id. at 6, ¶ 4.] Finally, the district court ordered:

> All other right, title, claim, liens, and interest of any and all persons or parties whatsoever existing or asserted in said Real Property shall be made upon the substitute res. The validity and priority of any such right, title, claims, liens, and interest will be determined at an ancillary proceeding pursuant to Title 21, United States Code, Section 853(n), contingent upon and following a judgment in the criminal case and the Court's entry of a final order of forfeiture to the United States. If Defendants Katherine P. Kealoha and Louis M. Kealoha are found not guilty of the charges contained in Counts 1 through 8 of the Second Superseding Indictment, the Court will retain jurisdiction of the substitute res pending further proceedings.

[Id. at 6-7, ¶ 5.]

On April 18, 2019, this Court issued an entering order lifting the stay for the limited purpose of permitting the Government to file its Motion to Dismiss ("4/18/19 EO"). [Dkt.

6

no. 48.]  The Government's Motion to Dismiss, and Plaintiff's

Motion to Remand followed.  The Government argues dismissal is

proper based on Fed. R. Civ. P. 12(b)(1) and (6), and 21 U.S.C.

§ 853(k), which bars any proceeding against the Government for

adjudicating a third-party interest in forfeitable property,

outside of the procedure provided in 21 U.S.C. § 853(n).

Plaintiff seeks an order remanding its foreclosure claim to the

state court because the Substitute Res is in the possession of

the district court pending the conclusion of CR 18-00068,

therefore the Government is no longer a necessary party to this

action and should be dismissed.  Once the Government is

dismissed, Plaintiff argues this Court would lack subject matter

jurisdiction over Plaintiff's state-law foreclosure claims, and

remand is mandatory under 28 U.S.C. § 1447(c).

## DISCUSSION

## I.  Preliminary Matters

The Court notes Plaintiff's Motion for Remand was not

expressly permitted under the 4/18/19 EO, which lifted the stay

"for the limited purposed of: 1) permitting the Government - if

it chooses - to file an optional motion based on the arguments

set forth in the Government's letter brief; and 2) permitting

the parties to file their respective responses to the

Government's optional motion."  [4/18/19 EO at 2.]  Plaintiff

filed both a response to the Motion to Dismiss, and a separate

7

Motion for Remand. Nevertheless, because this Court has an independent duty to address jurisdictional issues at any time before final judgment, and the Motion for Remand addresses this Court's subject matter jurisdiction, it will consider the motion. See Williams v. United Airlines, Inc., 500 F.3d 1019, 1021 (9th Cir. 2007) ("[W]e are 'obliged to raise questions of the district court's subject-matter jurisdiction sua sponte.'" (some citations omitted) (quoting Hart v. United States, 817 F.2d 78, 80 (9th Cir. 1987))); United Inv'rs Life Ins. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) ("the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not" (citation omitted)). The Court cautions the parties that any future failure to comply with an express order from this Court may result in sanctions, under the right conditions. See, e.g., Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (discussing conditions for applying civil contempt sanctions when a party disobeys a "specific and definite court order"); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-09 (9th Cir. 2002) (discussing the court's inherent power to impose sanctions for conduct that is tantamount to bad faith).

## II.  **Motion to Dismiss**

At this point, the Property has been sold via interlocutory sale, and Plaintiff has been paid $1,099,096.60 for the "balance owed under the Note and Mortgage, calculated to March 29, 2019." [CR 18-00068, Final Order at 4, 6.] Plaintiff does not dispute that this portion of its claim has been resolved.  See Pltf. Dismiss Opp. at 4-5 ("Outstanding principal and interest were paid, along with late charges and most of the costs Plaintiff incurred in maintaining, marketing and selling the Property pursuant to the Interlocutory Sale Order."). Because there is no longer a live controversy as to the balance of the Note and Mortgage, this portion of Plaintiff's claim is now moot.  See Negrete v. Allianz Life Ins. Co. of N. Am., 523 F.3d 1091, 1097 & n.8 (9th Cir. 2008) ("We recognize that an issue becomes moot when no controversy remains." (citing Arizonans for Official English v. Arizona, 520 U.S. 43, 67, 117 S. Ct. 1055, 1068, 137 L. Ed. 2d 170 (1997))).  Because this portion of Plaintiff's claim is moot, it must be dismissed with prejudice.  See Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." (citation and quotation marks omitted)).

However, Plaintiff claims its attorneys' fees and costs are still outstanding, and, until it recovers those fees and costs, it will not be made whole.  [Pltf. Dismiss Opp. at 5.]  To the extent Plaintiff seeks to recover its attorneys' fees and costs from the Substitute Res, this is a claim against the Property which was subject to the criminal forfeiture statutes, and which the Government has an interest in.  The Ninth Circuit has held that a third-party asserting an interest in property subject to criminal forfeiture must pursue their claim through § 853(n).  See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property." (citations omitted)); see also United States v. MacInnes, 223 F. App'x 549, 553 (9th Cir. 2007) (stating that "the **only** right a party with an interest in the Property prior to forfeiture retains 'subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture,' 21 U.S.C. § 853(k)(2), is the right to petition the district court pursuant to section 853(n)" (emphasis in MacInnes)).[6]  For this

---

[6] In MacInnes, Frazer Charles and Maureen MacInnes were indicted for and eventually pleaded guilty to marijuana-related charges, and a final order of civil forfeiture was entered on February 26, 2003.  223 F. App'x at 550.  The Government initiated a criminal forfeiture proceeding pursuant to § 853 on

(. . . continued)

reason, the Court dismisses the portion of Plaintiff's claim for attorneys' fees and costs seeking recovery against the Substitute Res because it is an action against the Government. Plaintiff must pursue this portion of its claim in the ancillary proceeding to be held in the CR 18-00068, following and contingent upon the outcome of the criminal case and the entry of a final order of forfeiture to the United States. See CR 18-00068, Final Order at 6-7, ¶ 5. Further, the dismissal is with prejudice, because § 853(k)(2) precludes any action against the Government "concerning the validity of [Plaintiff's] alleged interest in the property [made] subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture." The Motion to Dismiss is therefore granted in part as to this portion of Plaintiff's claim against the Government.

---

February 24, 2003, and an Amended Order of Criminal Forfeiture was issued on May 16, 2003, recognizing Washington Mutual Bank ("Bank") as having an interest in the real property to be forfeited, because the Bank had submitted a claim on the real property to the "U.S. Attorney's Office . . . based on a promissory note secured by a trust deed, to the [Property]." Id. at 550-51 (brackets in MacInnes). The Bank initiated foreclosure proceedings against the real property, but failed to provide notice of the sale to the Government; U.S. Financial purchased the real property at a public auction foreclosure sale. Id. at 551. The district court granted the Government's motion to set aside the forfeiture sale, which the Ninth Circuit affirmed on appeal. Id. at 551-54.

11

The only remaining issue is the portion of Plaintiff's claim seeking a deficiency judgment if the proceeds of the sale of the Property, *i.e.*, the Substitute Res, do not make Plaintiff whole. Plaintiff argues remand, not dismissal, is the appropriate way to adjudicate this part of its claim because, if a deficiency judgment is appropriate, it would be an *in personam* claim against the Kealohas – not the Government. The claim, Plaintiff argues, would only arise if Plaintiff cannot be made whole from the Substitute Res and must look to the Kealohas for recovery. Because it would no longer involve the Substitute Res, it would not constitute an action against the Government, and would fall beyond the purview of § 853. The Government argues Plaintiff cannot maintain this claim because any right Plaintiff may have to a deficiency judgment arises from the foreclosure pursuant to the Note and Mortgage, which is subject to criminal forfeiture. The issue therefore is whether the right to seek a deficiency judgment is a part of the foreclosure action that is barred by § 853(k), or a separate claim.

The United States Bankruptcy Court for the District of Hawai`i ("bankruptcy court") addressed a similar question regarding whether an award of a deficiency judgment should be considered a part of the foreclosure of the real property, or if it was a separate issue relating to monetary damages that was subject to arbitration under the terms of a purchase agreement.

See <u>In re 1250 Oceanside Partners</u>, Bankruptcy No. 13-00353, 2013 WL 6243889, at *6-7 (D. Hawai`i Dec. 2, 2013).[7]  The plaintiff argued the language of the purchase agreement permitting it to "foreclose on the property covered by the mortgage" included the award of a deficiency judgment, while the defendants argued an award of a deficiency judgment was a separate matter, and subject to the arbitration clause that covered "monetary damages or costs of any type."  <u>Id.</u> (quotation marks omitted).  The bankruptcy court stated the plaintiff's interpretation that a deficiency judgment is a part of a foreclosure ran contrary to the plain meaning of the word:

> According to Black's Law Dictionary, a "foreclosure" is "a legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property."  Black's Law Dictionary 674 (8th ed.).  **The right to a deficiency judgment is not included in that definition.**  "Foreclosure on the property" includes only the sale of the property and either the transfer of title to the lender or the application of the sales proceeds to the secured debt.

<u>Id.</u> (emphasis added).

---

[7] <u>1250 Oceanside Partners</u>, 2013 WL 6243889, is the bankruptcy court's Proposed Findings of Fact and Conclusions of Law on Motions to Dismiss and for Summary Judgment ("Proposed FOF/COL"), which was transmitted to the district court in CV 14-00016 JMS-KSC.  The Proposed FOF/COL was never acted upon because a stipulation of dismissal was filed on August 23, 2016. [CV 14-00016 JMS-KSC, dkt. no. 18.]

The bankruptcy court's reasoning is supported by this district court's prior discussion of foreclosure procedure under Hawai`i law. See United States v. Staton, Civ. No. 12-00319 ACK-KSC, 2018 WL 2144148, at *2 n.1 (D. Hawai`i May 9, 2018) (explaining that foreclosure cases are "bifurcated into two separately appealable parts" (quoting Am. Gen. Fin. of Hawaii, Inc. v. Domen, No. 25774, 2003 WL 22053702, at *1 (Haw. Aug. 29, 2003) (unpublished decision))). This Court finds the bankruptcy court's reasoning persuasive, and concludes that Plaintiff's right to seek an award of a deficiency judgment in this case is not a right included in the right to foreclosure. Instead, it is a separate contractual right Plaintiff may have against the Kealohas, only. See 1250 Oceanside Partners, 2013 WL 6243889, at *8 ("In Hawaii, notes and mortgages are contracts. Beneficial Hawaii, Inc. v. Kida, 96 Haw. 289, 312 (Haw. 2001). Any deficiency or award of attorneys' fees and costs in this case would relate to a breach of the note and mortgage."). Further, the cases cited by the Government for the proposition that the foreclosure action is an action against the Government, do not specifically discuss whether a deficiency judgment is also an action against the Government in the context of § 853(k) or (n). Cf. MacInnes, 223 F. App'x at 554 ("Therefore, we join the Fourth Circuit and conclude that a **foreclosure sale** of forfeited property is 'an action . . . against the United

14

States. . . .'" (alterations in MacInnes) (emphasis added)

(quoting United States v Phillips, 185 F.3d 183, 188 (4th

Cir. 1999))).

    The Ninth Circuit's reasoning also supports this

proposition.  In MacInnes, U.S. Financial purchased the real

property at a foreclosure sale, which was later set aside

because the foreclosing bank that sold the real property had no

interest in it at the time of sale, since its right had been

terminated by earlier civil and criminal forfeiture proceedings.

Id. at 550.  On appeal, U.S. Financial argued that § 853(k) did

not invalid the foreclosure sale, because the Government

"stepped into the place of the previous owners" and "[a]s the

new owner, . . . was required to make payments on the loan

secured by the deed of trust."  Id. at 553.  The Ninth Circuit

disagreed, stating:

> While in many ways, the Government steps into the
> shoes of the previous owner when it takes title
> to real property by forfeiture under § 853, **it
> does not do so entirely.**  Rather, § 853(k)
> extinguishes the right of lien holders and other
> interested parties to enforce their rights
> **against the Government** through separate civil
> litigation.  In its place it establishes an
> alternative remedy, § 853(n), the administrative
> remedies in 28 C.F.R. § 9.1 *et seq.*, and the
> benefit of having the most desirable of
> creditors, the federal government of the United
> States.

Id. (emphases added).  Following the Ninth Circuit's reasoning,

it cannot be said the Government steps into the shoes of the

Kealohas for all of their obligations. Therefore this Court concludes Plaintiff's potential right to seek a deficiency judgment if it is not made whole when it attempts to recover its attorneys' fees and costs from the Substitute Res in the ancillary proceeding, is not an action against the Government, but an action against the Kealohas. The Government's argument as to Plaintiff's request for a deficiency judgment is rejected. The Motion to Dismiss is therefore denied in part as to this portion of Plaintiff's Complaint.

## III. Dismissal of Defendants

In light of the circumstances, Plaintiff requests that this Court dismiss its claims against all Defendants except for the Kealohas. [Pltf. Dismiss Opp. at 6-7.] Having concluded that Plaintiff's remaining claim is not an action against the Government but only against the Kealohas, and there being no counterclaims or cross-claims plead, this Court dismisses all defendants except the Kealohas from this action. See Fed. R. Civ. P. 41(a)(2).

## IV. Remand to State Court

Finally, because Plaintiff's claim for a deficiency judgment is not against the Government, the Court must consider whether remand is appropriate. The Government initially removed this action pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), and

1444.[8]  Notice of Removal at ¶¶ 3-5.  The Government alleged:
§ 1441(a) applied because "[f]ederal courts have original and
exclusive jurisdiction of federal forfeiture proceedings
pursuant to 28 U.S.C. § 1355(a)"; [id. at ¶ 3;] § 1442(a)(1)
applied because "[t]his action constitutes an action commenced
in a state court against the United States on account of the
rights, title, and authority of the United States under federal
criminal forfeiture statutes, 18 U.S.C. § 982(a)(2)(A)"; [id. at
¶ 3;] and § 1444 applied because this action "affects property
in which the United States claims an interest," [id.].  Once the
Government is dismissed from this action, Plaintiff argues
§ 1447(c) requires this Court to remand the case to state court.

This district court has previously stated:

> "If at any time before final judgment it
> appears that the district court lacks subject
> matter jurisdiction, the case shall be remanded."
> 28 U.S.C. § 1447(c).  "The removal statute is
> strictly construed, and any doubt about the right
> of removal requires resolution in favor of
> remand."  Moore-Thomas v. Alaska Airlines, Inc.,
> 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus
> v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
> 1992)).  "The presumption against removal means
> that 'the defendant always has the burden of
> establishing that removal is proper.'"  Id.
> (quoting Gaus, 980 F.2d at 566).  "[T]he court
> resolves all ambiguity in favor of remand to
> state court."  Hunter v. Philip Morris USA, 582

---

[8] The Government also cited to 28 U.S.C. § 1446(a), which
provides the general procedure for removal of actions.  See
§ 1446(a).

F.3d 1039, 1042 (9th Cir. 2009) (citing <u>Gaus</u>, 980
F.2d at 566).

<u>Ross v. Hawaii Nurses' Ass'n Office & Prof'l Emps. Int'l Union
Local 50</u>, 290 F. Supp. 3d 1136, 1141 (D. Hawai`i 2018)
(alteration in <u>Ross</u>).  "A plaintiff who contests the existence
of removal jurisdiction may file a motion to remand, <u>see</u> 28
U.S.C. § 1447(c), the functional equivalent of a defendant's
motion to dismiss for lack of subject-matter jurisdiction under
Rule 12(b)(1)."  <u>Leite v. Crane Co.</u>, 749 F.3d 1117, 1122 (9th
Cir. 2014).[9]

Because removal jurisdiction is determined at the time
of removal regardless of subsequent events,[10] this Court rejects
Plaintiff's argument that this Court lacks subject matter
jurisdiction and remand is required pursuant to § 1447(c).  At

---

[9] In <u>Leite</u>, the Ninth Circuit addressed whether removal was
appropriate based on the defendant's assertion that 28 U.S.C.
§ 1442(a)(1), pertaining to suits against federal officers,
presented federal question jurisdiction.  749 F.3d at 1120-21.
The plaintiffs-appellants raised the question of whether a
defendant is only required to allege the necessary facts in
support of federal question jurisdiction, or if he is required
to prove those facts before proceeding in federal court; and, if
so, was the district court required to "resolve evidentiary
challenges to the defendant's evidence before deciding whether
removal jurisdiction exists?"  <u>Id.</u> at 1121.  In reaching its
conclusion, the Ninth Circuit applied the same analysis used in
a motion to dismiss for lack of subject matter jurisdiction
because of the "parallel nature of the inquiry."  <u>Id.</u> at 1122.

[10] <u>See</u> <u>Allen v. F.D.I.C.</u>, 710 F.3d 978, 984 (9th Cir. 2013)
("federal jurisdiction is determined at the time of removal, not
after a case has been removed" (citations omitted)).

the very least, when the Notice of Removal was filed, the Government was named as a defendant in this case, therefore removal was appropriate.  See § 1442(a)(1).  Still, since the Government has been dismissed and the only remaining issue is Plaintiff's state law claim seeking a deficiency judgment against the Kealohas, there are no other claims over which this Court would otherwise have original jurisdiction.  This district court has stated:

> "[W]hen the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court ha[s] a powerful reason to choose not to continue to exercise jurisdiction," and, thus, "when a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."). "The district court's decision to remand remains discretionary and is dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity.'" Harrell, 934 F.2d at 205 (quoting Carnegie–Mellon, 484 U.S. at 351).  A district court may remand sua sponte.  Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992).

Gebelien v. Lay Out Etc., Inc., CV. NO. 11-00596 DAE, 2012 WL 12516602, at *3 (D. Hawai`i Jan. 20, 2012) (some alterations in Gebelien).

This case was removed on March 20, 2018 pursuant to the Notice of Removal. With the exception of the entry of default against LKMPA and HKMCA filed on May 21, 2018, the Stay Order, and the instant Motions, no other action has been taken in this case. This Court has not ruled on any other motions, nor has trial been set, nor any deadlines issued regarding amending pleadings, discovery, or filing dispositive motions. Because the case has only proceeded on the barest of matters, and "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties," see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966), the Court concludes that remand is appropriate.

## CONCLUSION

On the basis of the foregoing, the Government's Motion to Dismiss, filed May 9, 2019 is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss is GRANTED insofar as Plaintiff's claims for: 1) repayment of the balance of the Note and Mortgage; and 2) attorneys' fees and costs against the Substitute Res, are DISMISSED WITH PREJUDICE. The Motion to Dismiss is DENIED as to Plaintiff's claim for a deficiency judgment against the Kealohas, jointly and severally.

Plaintiff's Motion for Remand, filed May 24, 2019, is HEREBY GRANTED as to Plaintiff's remaining claim for a deficiency judgment against the Kealohas, and this case is

REMANDED to the State of Hawai`i, First Circuit Court. The Clerk's Office is DIRECTED to effectuate the remand on **August 15, 2019**, unless any party files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 31, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

HAWAII CENTRAL FEDERAL CREDIT UNION v. LOUIS MAHINA KEALOHA, ET AL.; CIV. NO. 18-00108 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT THE UNITED STATES OF AMERICA'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR REMAND